# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LANDON PAUL GOAD; and<br>SARAH LYNN JOHNSON,<br><br>    Plaintiffs,<br><br>~ versus ~<br><br>JEFF LYDE,<br>CLAY COUNTY, TEXAS,<br><br>    Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO: 7:23-cv-63 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW** the Plaintiffs **LANDON GOAD** and **SARAH JOHNSON**, Plaintiffs, complaining of the Defendants **JEFF LYDE** and **CLAY COUNTY, TEXAS** and for their causes of action do respectfully allege as follows:

## INTRODUCTION:

John Swenson, Justice of the Peace of Clay County Texas, described how:

"The treatment of Ms Johnson and Mr. Goad, and the Sheriff's disregard for this court's order are matters of grave concern."

Under the highly unusual circumstances of this case, the Justice of the Peace for Clay County went to so far as to refer the Defendants in this case for prosecution arising from the Defendants' abuse of the Plaintiffs' civil and constitutional rights as more fully described below.

This Action seeks redress for the violation of the Plaintiffs' rights and to ensure that no Texas is ever mistreated the way the Plaintiffs were by Sheriff Lyde and Clay County.

# I
# PARTIES

1. Plaintiff **LANDON PAUL GOAD**, is a natural person resident at the County of Clay in the State of Texas.

2. Plaintiff **SARAH LYNN JOHNSON**, is a natural person resident at the County of Clay in the State of Texas.

3. At all times relevant to this suit, Defendant **JEFF LYDE** was the Sheriff of the Clay County, Texas and may be served at his place of employment at the Clay County Sheriff's Office located at 215 W Gilbert St, Henrietta, TX 76365, or wherever he may be found.

4. Defendant Lyde is being sued in his individual capacity.

5. Defendant **CLAY COUNTY, TEXAS** is a governmental entity in Texas. It may be served through its County Judge, Mike Campbell, at 214 N. Main St., Henrietta, Texas 76365.

6. JOHN DOES 1 – 10 are individual and government agencies whose true identities are unknown to the Plaintiff at this time.

# II
# JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendants are domiciled and reside in the Northern District of Texas and all of the causes of action accrued in the Northern District of Texas.

## III
## FACTUAL ALLEGATIONS

a. **The False Arrest of Plaintiffs and their 70 Hours in Custody without Seeing a Judge**

10. Plaintiffs have always had a feisty relationship.

11. On Saturday afternoon, July 10, 2021 at around 2:45 P.M, Clay County Sheriff's Deputies Joshua Fergueson and Demonta Brooks attended to the Plaintiffs home on New London Road, in Henrietta where the Plaintiffs were engaged in a spirited discussion with one another.

12. While being questioned at their home about reports of a disturbance coming from their home, the Plaintiffs explained to the Deputies that they had not engaged in any battery or other assault against each other that night and that neither sought to press charges.

13. No probable cause existed for the arrest of either Plaintiff.

14. Nevertheless, both the Plaintiffs were arrested on the evening of July 10, 2021 for allegedly engaging in domestic violence against each other.

15. Each of the Plaintiffs was placed in a segregation cell for the evening.

16. On Sunday, the Plaintiffs were not brought in front of a judge.

17. On Monday, the Plaintiffs were not brought in front of a judge.

18. The Plaintiffs understood that in Texas, an arrestee on a misdemeanor charge was required to brought before a Judge within 24 hours of their arrest, and an arrestee on a felony charge was required to be brought before a Judge within 48 hours of their arrest.

19. After the expiration of the 48 hours on the evening of July 12, Plaintiff Johnson pushed the button for the intercom in her segregation cell, intended for use in emergencies.

20. Renee Weaver, the jail administrator, answered the call and asked Plaintiff Johnson the nature of her emergency.

21. Plaintiff Johnson explained that 48 hours had elapsed since her arrest and asked for her constitutional rights – including to be brought before a Judge – to be honored.

22. Ms. Weaver retaliated against Plaintiff Johnson by threatening to put her on suicide watch not for any legitimate purpose, but to intimidate Plaintiff Johnson into silence and into waive her constitutional rights.

23. At no time prior to the threat from Ms. Weaver, did Plaintiff Johnson indicate that she was suicidal or make any representation that could be interpreted as threatening self-harm. Her assessment upon admission also indicated that there was no indication of self-harm.

24. Plaintiff Johnson was aware that if put on "Suicide Watch" she would not be allowed to have a blanket, bedsheet, book, or mat, which were her only possessions in the cell.

25. Plaintiff Johnson complied with Ms. Weaver demand that Plaintiff Johnson not assert her constitutional rights, but nevertheless Deputies Johns, Nash and Sharp entered Plaintiff's cell on July 12, 2021 and removed Plaintiff's belongings but did not remove the shower curtain.

26. To speak with her Mother who worked at a local ER, Plaintiff Johnson feigned self-harm so she would be admitted to the local ER and speak with her mother – an unsuccessful ploy.

27. Upon Plaintiff Johnson's return to the prison from the ER she was placed in a tight room and was told by Jeff Lyde that Justice of the Peace Justice Swenson was responsible for the Plaintiff remaining in custody without seeing a judge for more than 48 hours.

28. While in custody, the Plaintiffs heard the Deputies admit that they did not have sufficient information to support "probable cause" and that Clay County Sheriff Jeff Lyde had reviewed a draft Affidavit and advised the Deputies to change their testimony on the Affidavits to reflect untrue information, but which would support "probable cause" for the Plaintiffs' arrest.

29. On July 13, 2021 at 1:00 pm, (70 hours after being arrested) the Plaintiffs were brought before Clay County Judge Mike Cambell, who set their bonds at $1,500.00 each.

30. The Plaintiffs bonded out immediately.

b. **Plaintiffs Learn of Justice of the Peace Swenson's Order**

31. A few weeks following this incident (approximately mid-August 2021), the Plaintiffs returned to Court for a hearing at which the Plaintiffs was given some of their file.

32. The Plaintiffs learned unbeknownst to the them at the time, on or about July 12, 2021, Deputy Demonte Brooks executed an Affidavit for Warrant of Arrest and Detention in which he alleged exaggerated and untrue factual allegations about the Plaintiffs' interaction with each other on July 10, 2021.

33. The Affidavit was presented at the Magistration, which took place 46 hours after the Plaintiffs were incarcerated.

34. The allegations in the Affidavit were so outlandish and thin, that upon review, Justice of the Peace John Swenson for Clay County declined to sign the Warrant, holding that: "Court finds no P[robable] C[ause] for arrest."

35. Judge Swenson found "the cause is Dismissed".

36. Annexed to the Original Complaint as **Exhibit A** is a complete, true and accurate copy of the Affidavit for Warrant of Arrest and Detention, which Judge Swenson declined to sign.

37. Nevertheless, Defendant Lyde contacted the Judge and said words to the effect of "they would be in jail in the morning and they would have a P[reliminary] C[conference]".

38. This led the Judge to believe that another Magistrate must have signed a warrant authorizing the Plaintiffs' continued incarceration.

39. In fact, no other court official had authorized the Plaintiffs' continued incarceration.

40. Annexed to the Original Complaint as **Exhibit B** is a complete, true and accurate copy of the Referral by the Justice of the Peace Swenson dated July 13, 2021, to the District Attorney after the Judge learned of the manipulation of the probable cause affidavit and the false imprisonment of the Plaintiffs. It describes some of the circumstances of the false imprisonment.

41. Annexed to the Original Complaint as **Exhibit C** is a complete, true and accurate copy of the indictment against Sheriff Lyde arising from (among other things) Defenday Lyde's actions toward the Plaintiffs described in this Original Complaint.

42. Annexed to the Original Complaint as **Exhibit C** is a complete, true and accurate copy of the Notice of Extraneous Offenses against Sheriff Lyde alleging the manipulation of the probable cause affidavit as against Plaintiff Goad, at issue in this Original Complaint.

## IV
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Claim Under Section 1983
### (Plaintiffs against All Defendants)

43. Plaintiffs respectfully incorporate by reference all prior allegations in this Original Complaint.

44. Defendants' transactions with the Plaintiffs - including the false arrest of the Plaintiffs, the unlawful detainer of the Plaintiffs and the false imprisonment of the Plaintiffs– occurred under Color of Law.

45. Each of the Defendants deprived the Plaintiffs of their rights, privileges and immunities under the U.S. Constitution and Federal Law.

46. Plaintiffs discovered the 1983 violation on or about August 2021, because the Defendants intentionally hid and withheld information from the Plaintiffs that would have informed them that they had suffered from False Imprisonment.

47. As a direct and proximate consequence of the Defendants' deprivation of the Plaintiffs' rights, privileges and immunities under the U.S. Constitution and Federal Law, the Plaintiffs suffered damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Municipal Liability
### *Monell v. New York City Department of Social Services*
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983

48. Plaintiffs respectfully incorporate by reference all prior allegations in this Original Complaint.

49. Municipalities, including counties and cities, may be held liable under § 1983, *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).

50. A Municipality may be sued under § 1983 if a constitutional violation is the result of a formal policy or governmental custom, *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010).

*51.* A Municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978).

52. "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (*citing Monell*, 436 U.S. at 694).

53. A decision to adopt a particular course of conduct represents official policy even if it is not intended to govern future conduct so long as the decision was made by a final policymaker, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

54. Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly, *Id*.

55. Municipal liability under § 1983 attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question, *Pembaur*, 475 U.S. at 483, 106 S. Ct. at 1300.

56. As applied here:

**(i.)  Decision by Final Policymaker**

57. The Sheriff is the chief law enforcement officer for Clay County regarding law enforcement.

58. Under Texas law, sheriffs are "final policymakers" in the area of law enforcement for the purposes of holding a county liable under § 1983, *James*, 577 F.3d at 617; *citing Williams*, 352 F.3d at 1013.

59. At all times relevant to this lawsuit, Defendant Lyde was the Sheriff of Clay County and was the "final policymaker" in the area of law enforcement for the purposes of holding a county liable under § 1983, *Id.*

**(ii.)  Official Conduct**

60. In this case, Sheriff Lyde and Clay County adopted a particular course of conduct in the false arrest of the Plaintiffs on facts that the Justice of the Peace found insufficient to support the arrest.

61. Sheriff Lyde and Clay County further adopted a particular course of conduct in misleading the Justice of the Peace that another Judge had signed off on a warrant sufficient to keep the Plaintiffs incarcerated even after an express judicial finding that no probable existed for the continued arrest of the Plaintiffs.

62. This course of conduct by Sheriff Lyde represents official policy of Clay County, even if it is not intended to govern future conduct because the decision was made by Clay County's final policymaker – Sheriff Lyde, *See Pembaur*, 475 U.S. at 481.

63. The continued false arrest of Plaintiffs was directed by Sheriff Lyde, the person who establishes governmental policy and is by law the official policymaker in the area of

law enforcement for the purposes of holding the county liable under § 1983, Clay County is equally responsible whether that action was to be taken only once or to be taken repeatedly, *Pembaur*, 475 U.S. at 481; *James*, 577 F.3d at 617; *citing Williams*, 352 F.3d at 1013.

64. In this case, (1) Sheriff Lyde, as the official policymaker for Clay County, (2) adopted a particular course of action in the false arrest of the Plaintiffs, and the continued incarceration of the Plaintiffs on the basis of facts that were determined to not support Probable Cause, (3) which that the Plaintiffs' constitutional rights to be free from illegal seizures under the Fourth Amendment as a violation articulated in *Franks v. Delaware* and outlined in Count I, supra, and (4) was the sole cause of Plaintiffs' injuries.

### THIRD CAUSE OF ACTION
### False Imprisonment
### (Plaintiffs against All Defendants)

65. Plaintiffs respectfully incorporate by reference all prior allegations in this Original Complaint.

66. Plaintiffs willfully detained the Defendants.

67. Plaintiffs' detention of the Defendants was done without the Defendants consent.

68. Plaintiffs did not have authority of law to detain the Defendants.

69. Plaintiffs discovered that they had suffered from False Imprisonment in or about August 2021, because the Defendants intentionally hid and withheld information from the Plaintiffs that would have informed them that they had suffered from False Imprisonment.

70. As a direct and proximate consequence of the Defendants' deprivation of the Plaintiffs' rights, privileges and immunities under the U.S. Constitution and Federal Law, the Plaintiffs suffered damages in an amount to be determined at trial.

# V
# PUNITIVE DAMAGES

71. Plaintiffs respectfully incorporate by reference all prior allegations in this Original Complaint.

72. When viewed objectively from the standpoint of Defendants Lyde and Clay County at the time of the occurrence, said Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

73. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendants Lyde and Clay County, which was recklessly or callously indifferent to Plaintiff's protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court against Defendants Lyde and Clay County.

# VI
# DAMAGES

74. Plaintiffs respectfully incorporate by reference all prior allegations in this Original Complaint.

75. Plaintiffs' injuries were a foreseeable event. Those injuries were directly and proximately caused by Defendants' conduct. As a result, Plaintiffs are entitled to recover all actual damages allowed by law.

76. Plaintiffs respectfully submit that Defendants' conduct constitutes malice, evil intent or reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Plaintiff is entitled to punitive damages against Defendants.

77. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

    a. Deprivations of their liberty;
    b. Incarceration and false imprisonment;
    c. harm to their reputation in the past and future;
    d. lost wages, fringe benefits, and diminished earning capacity;
    e. Emotional distress, torment, and mental anguish;
    f. pre-judgment and post-judgment interest; and
    g. such other and further relief, general and special, legal and equitable, to which Plaintiffs are justly entitled.
    h.

78. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII
## ATTORNEY'S FEES

79. If Plaintiffs prevail in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII
## JURY REQUEST

80. Plaintiff respectfully requests a jury trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that judgment be rendered against Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further pray for all other relief, both legal and equitable, to which they may show themselves justly entitled.

Dated: **July 10, 2023**

                Respectfully Submitted,

                *Counsel for the Plaintiffs*

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
Fax: (212) 859-7307
bg@gottesmanlegal.com
*Counsel for Plaintiffs*
*Application for Admission Pro Hac Vice*
*to be Promptly Submitted*

/s/ *James P. Roberts*
JAMES P. ROBERTS
State Bar No. 24105721
SCOTT H. PALMER
State Bar No. 00797196

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com
COUNSEL FOR PLAINTIFFS