THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LANDON PAUL GOAD; and**<br>**SARAH LYNN JOHNSON,**<br><br>Plaintiffs,<br><br>~ *versus* ~<br><br>**JEFF LYDE**,<br>**CLAY COUNTY, TEXAS,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO: 7:23-cv-63-O** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT LYDE'S MOTION TO DISMISS**

Respectfully Submitted by:  Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
*Application for Admission Pro Hac Vice
Submitted (ECF 7)*

*Local Counsel Listed on Signature Page*

A    **Table of Contents**

**B.    Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**C.    Factual and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**D.    Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    a.   Standard for Dismissal under Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    b.   Lyde is not Entitled to Qualified Immunity
for the Causes of Action Alleged Here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    c.   Plaintiffs Stated a Cause of Action for
False Arrest/False Imprisonment against Defendant Lyde . . . . . . . . . . . . . . . . 10

    d.   Plaintiffs stated a *Franks* claim against Lyde . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    e.   Supervisory Claim Against Sheriff Lyde . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    f.   Application of the Texas Tort Claims Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    g.   Punitive Damages – 1983 Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**E.    Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Plaintiffs Landon Paul Goad and Sarah Lynn Johnson (referred to in this Memorandum collectively as the "Plaintiffs" or individually by their surnames) in opposition to Defendant Sheriff Jeff Lyde's Motion to Dismiss the Complaint [ECF 6]. For the reasons described below, the Plaintiffs respectfully submit that the Motion to Dismiss should be denied in its entirety and this case should move forward.

**B.     Introductory Statement**

As highlighted in the Original Complaint [ECF 1] (referred to here as "Compl."):

"The treatment of Ms. Johnson and Mr. Goad and the Sheriff's disregard for this court's order are matters of grave concern."

> Letter of John Swenson, Justice of the Peace for Clay County, to District Attorney for the 97th Judicial District at p. 2 (July 13, 2023) [ECF 1-2]

The highly unusual circumstances of this case led to Sheriff's Lyde's indictment. The unconstitutional imprisonment of Plaintiffs for 70 hours without access to a magistrate, representations to the Justice of the Peace that led the Judicial Officer to falsely believe there was a valid warrant, and the alleged destruction of relevant documentation are shocking. This case does not seek to resolve the political ramifications and penal processes, which will continue in the appropriate *fora*. Rather, the narrow question before the Court is whether the Plaintiffs stated any cause of action against the Sheriff – and they have.

For that reason, we respectfully submit that Sheriff Lyde's Motion to Dismiss should be denied and this case move forward to Discovery and a resolution on its merits.

C.       **Factual and Procedural Background**

Defendant Lyde's review of the allegations in the Original Complaint, *See* Brief in Support [ECF 6], elides the key facts that give rise to the alleged Causes of Action. We respectfully refer the reader to the Original Complaint and highlight some of the key factual allegations below.

Further, to the extent that this Honorable Court were inclined to grant the Motion to Dismiss in whole or in part because of a failure to sufficiently allege any Cause of Action, the Plaintiffs ask that it be done without prejudice to the giving Plaintiffs leave to Amend the Complaint, which can supplement the allegations to account for any lacunae and the consequences of any changes in the law since the Original Complaint was docketed. But that is unnecessary since the Original Complaint plausibly alleges causes of action against Sheriff Lyde. Here's how:

The Original Complaint plausibly alleges that Clay County, Texas Sheriff Deputies Fergueson and Brooks arrested Plaintiffs without probable cause, Compl. 1 ¶¶13-14. The Original Complaint plausibly alleges that in violation of their Constitutional rights, the Plaintiffs were not presented before a judicial officer within 48 hours of their arrests, Compl. at ¶¶ 19 & 29. The Original Complaint plausibly alleges that the Sheriff Deputies admitted there was no sufficient basis to support probable cause for an arrest, Compl. at ¶¶ 28 & 60-61, *et passim*. Shockingly, the Original Complaint plausibly alleges that Defendant Lyde reviewed a draft Affidavit in support of probable cause and advised the Deputies to change their testimony to reflect untrue information, in order to fabricate probable cause for the arrest, Compl. at ¶ 28.

The Complaint plausibly alleges that more than seventy (70) hours after being arrested, the Plaintiffs were presented before Clay County Judge Mike Campbell, bond was set for each Plaintiff, and the Plaintiffs were immediately released, Compl. at ¶¶ 29-30.

When given their case file a few weeks later, the Plaintiffs learned the full extent of the false claims made against them. Plaintiffs learned that the Justice of the Peace declined to sign a Warrant, that the penal proceedings against Plaintiffs were dismissed, and that there was no basis for the arrest and lock-up of the Plaintiffs – let alone for three days without seeing a judge, Compl. at ¶¶ 31-37.

Any summary of the Letter referring Defendant Lyde for investigation and prosecution would not do it justice, and so we respectfully direct the Reader to ECF 1-2, which is a contemporaneous description of the facts and circumstances from the perspective of one of the judicial officers involved in this case.

Further, there is documentary evidence that on or about July 12, 2021, in Clay County, Texas, Defendant Lyde intentionally destroyed, concealed, removed, or otherwise impaired the verity, legibility, or availability of a probable cause affidavit in which the magistrate found "No Probable Cause" for the offense allegedly committed by Plaintiff Landon Paul Goad, Exhibit D of the Original Complaint [ECF 1-4]. As with the Referral, a summary would not do this Justice and we respectfully direct the Reader to the Notice of Extraneous Offenses against Defendant Lyde available at ECF Doc. 1-4.

Lyde was indicted for intentionally subjecting Landon Goad to unlawful detention, Exhibit C of the Original Complaint [ECF 1-3] and is currently subject to a no-contact order by the 97th Judicial District Court of Clay County, Texas [ECF 1-3].

Two final things to emphasize about the factual allegations here – Lyde *admitted against interest* to the violations against the Plaintiffs; and the core factual allegations in the Original Complaint are supported by documentary evidence produced by independent and duly sworn judicial and prosecuting officers.

Plaintiffs timely docketed and served this suit to secure their own rights, for compensation and exemplary damages, and to help ensure that no other Texan suffers the same constitutional indignities to which the Plaintiffs were subject.

### D.  Argument and Legal Authority in Opposition to the Motion to Dismiss

#### a.  Standard for Dismissal under Rule 12(b)(6)

We begin with a review of the standards for dismissal under Rule 12(b)(6):

"[A] motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted." *Tex. Democratic Party v. Dall. Cty.*, Civil Action No. 3:08-CV-2117-P, 2009 U.S. Dist. LEXIS 130172, at *15 (N.D. Tex. Apr. 17 2009) *citing Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). To defeat a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted).

While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. The "[f]actual allegations of [a complaint] must be

enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Colo.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

The ultimate question on a Rule 12(b)(6) motion is whether the Complaint states a valid claim when viewed "in the light most favorable to the plaintiff", *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(collecting cases). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). A court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations in the pleadings to determine whether they are adequate to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). Denial of a Rule12(b)(6) motion does not affect whether a plaintiff ultimately

establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Mann*, 556 F.2d at 293.

As summarized in the Factual Background section and shown on the face of the Original Complaint, the Plaintiffs have plausibly alleged the causes of action claimed here.

We will now turn to the central arguments in support of the Motion to Dismiss raised by Defendant Lyde and explain why these arguments do not support Dismissal at this stage.

### b.  Lyde is not Entitled to Qualified Immunity for the Causes of Action Alleged Here

Qualified immunity protects government officials from liability for monetary damages in their individual capacities, but only if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thompson v. Mercer*, 72 F.3d 433, 436-37 (5th Cir. 2014) citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed. 2d 565 (2009).  *See also Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) which describes the two-prong analysis to determine whether a government official is entitled to qualified immunity, namely: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's misconduct, *Jennings*, 644 F.3d at 300.

The first prong is an easy call in this case.  The Original Complaint plausibly alleged the Defendants' violation of the Plaintiffs' constitutional right to be free from arrest and incarceration without probable cause.  Neither Plaintiff was brought before a judge within 48 hours of their arrests, Compl. at ¶¶ 19, 29.  Plaintiffs were only brought before a judicial officer 70 hours after being arrested and detained, Compl. at ¶¶ 29-30.  Unlawfully long detentions (generally,

detentions greater than 48 hours),[1] without the detained person being brought before a magistrate/judge, give rise to a false imprisonment claim. Persons arrested without a warrant "must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *Unger v. Taylor*, 38 F.App'x 526, 532 (5th Cir. 2010); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991).

On the second prong, this case is also an easy call: The Fourth Amendment right to be free from arrest and incarceration without probable cause is clearly well-established, *See, e.g., Terwilliger*, 4 F.4th at 279-80.

And as addressed above, law enforcement are *not* entitled to qualified immunity if they knowingly present false information in an affidavit for an arrest warrant, *See Young*, 938 F.2d at n.9; *Malley*, 475 U.S. at n.7. Manufacturing of evidence denies an individual his or her due process rights, *See Young*, 938 F.2d at n.9.

The Original Complaint plausibly alleged that Defendant Lyde told his direct reports to alter their sworn testimony to include untrue information, in furtherance of the false claim that there was probable cause for the Plaintiffs' arrest, *See* Compl. at ¶ 28. The Original Complaint further alleges plausibly on the basis of documentary evidence and confirmed by independent judicial and prosecuting officers that on July 12, 2021, Defendant Lyde intentionally destroyed, concealed, removed, or otherwise impaired the verity, legibility, or availability of a probable cause affidavit in which the magistrate found "No Probable Cause" for the offense allegedly committed by Plaintiff Landon Paul Goad, Compl. at Exhibit D [ECF 1-4].

---

[1] In some cases, an unusually long detention before a probable cause hearing before the magistrate can be found even when less than 48 hours has passed since the arrest, *See Unger*, 38 F.App'x at 532.

Each of these are clear violations of Plaintiffs' well-established constitutional rights that any reasonable person would and should know. And certainly a reasonable Sheriff. Therefore, at this stage of the proceeding, a claim of Qualified Immunity is not a basis to Dismiss the Original Complaint on its face.

### c. Plaintiffs Stated a Cause of Action for False Arrest/False Imprisonment against Defendant Lyde

False imprisonment is detention without legal process, *See Shanklin v. Frenald*, 539 F.Supp.2d 878, 887-88 (W.D. Tex. 2008); *Wallace v. Kato*, 549 U.S.384, 127 S.Ct.1091, 166 L.Ed.2d 973 (2007). One way to establish a claim for false arrest or false imprisonment is to show the absence of probable cause, *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). That was done here, as described in the factual background section and above.

In addition, unconstitutionally extended detentions even if initially justified are actionable as false arrest / false imprisonment if without a warrant, the victim is not "promptly []brought before a neutral magistrate for a judicial determination of probable cause." *Unger v. Taylor*, 38 F.App'x 526, 532 (5th Cir. 2010); *See also County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991). While judicial determinations of probable cause within 48 hours of arrest will generally be considered prompt, even such determinations within 48 hours of arrest may not pass constitutional muster if the arrested person can show that the determination was delayed unreasonably, *Unger*, 38 F.App'x at 532. That obligation is spelled out in Article 15.17(a) of the Texas Code of Criminal Procedure, which requires the person making the arrest or the person having custody of the arrested person to "without unnecessary delay but not later than 48 hours after the person is arrested, take the person before a magistrate." Tex. Code Crim. Proc. 15.17(a).

Case 7:23-cv-00063-O Document 12 Filed 09/29/23 Page 11 of 18 PageID 92

In this case, the Original Complaint plausibly alleged that Sheriff Lyde was personally involved in the imprisonment of the Plaintiffs. Without limitation, the Original Complaint plausibly alleged (as supported by admissions against interest, documentary evidence, and independent allegations by judicial and prosecuting officers) that Defendant Lyde reviewed the draft probable cause affidavit and advised the Deputies to alter their testimony untruthfully to fabricate probable cause for the Plaintiffs' arrest, Compl. at ¶ 28, *et passim*. The Original Complaint also plausibly alleges that Lyde presented false information to, and deceived, the magistrate judge about the circumstances of Plaintiffs' imprisonment. The allegations in the Affidavit were so outlandish and thin, that upon review, Justice of the Peace John Swenson for Clay County declined to sign the Warrant, holding that: "Court finds no P[robable] C[ause] for arrest", and ruling "the cause is Dismissed", *See* Compl. at ¶¶ 34-35; and Exhibit B [ECF 1-2].

For this reason, Sheriff Lyde was the person making the arrest and did so without probable cause. But that's not all --

The Original Complaint plausibly alleges that Defendant Lyde contacted the Justice-of-the-Peace Swenson and told him words to the effect of "[Plaintiffs] would be in jail until the morning and would then have their Preliminary Conference", Compl. at ¶ 37 and Exhibit B [ECF 1-2]. These representations led Justice Swenson to believe that another Magistrate signed a warrant authorizing the Plaintiffs' continued incarceration., Compl. at ¶ 38; which was not true, Compl. at ¶ 39.

The Original Complaint alleges on the basis of documentary evidence including independent allegations by judicial and prosecuting officers that Justice Swenson was shocked when he learned of the fabrication. For this reason, Justice Swenson requested an investigation into Sheriff Lyde's conduct in relation to Plaintiffs, and stated that "*The treatment of Ms. Johnson*

*and Mr. Goad, and the Sheriff's disregard for this court's order are matters of grave concern.* Therefore I am requesting that your office investigate the matter." Compl. at Exhibit B [ECF 1-2] (emphasis added), and Defendant Lyde was indicted, *See* Compl. at Exhibit C [ECF 1-3].

The upshot of this factual background is that the Original Complaint plausibly alleged that Plaintiffs remained unlawfully imprisoned because Defendant Lyde orchestrated, directed, and participated in a plan to deprive Plaintiffs well-established constitutional rights to be free from arrest and incarceration without probable cause. *See e.g., Terwilliger v. Reyna*, 4 F.4th 270, 279-80 (5th Cir. 2021).

For this reason, to the extent that the Motion to Dismiss argues that the Original Complaint fails to alleges a Cause of Action for false arrest/false imprisonment, the Motion should be denied in full and this matter should move forward to a resolution.

### d. Plaintiffs stated a *Franks* claim against Lyde

*Franks* liability addresses the issue of false information in a warrant application. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Under *Franks*, claims are allowed against an officer who deliberately or recklessly provides false information for use in an affidavit in support of a warrant. An arrest or detention is unconstitutional if the defendant knowingly provided false information to secure a warrant or gave false information in reckless disregard of the truth, *See Franks*, 438 U.S. at 154. When an officer assisted in the preparation of, or otherwise presented or signed a warrant application, *Franks* liability may also attach. *See, e.g. Melton v. Phillips*, 875 F.3d 256, 264-65 (5th Cir. 2017). Similarly, when the defendant officer generates the false facts set out in the affidavit, *Franks* liability will attach, *See Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

Defendant Lyde argues that the *Franks* claim should be Dismissed because the Original Complaint is unclear about "what untrue facts are contained in the probable cause affidavit that Judge Campbell approved." Memo in Support at p. 8 [ECF 6]. But that second round does not remedy the 70 hours of incarceration without probable cause, *See* Compl. at ¶¶ 29-30 & 33; and at this early stage it can at least be alleged that Defendant Lyde was the driving force behind the false affidavit, arrest, or confinement, and acted contrary to the information provided to him, and therefore *Franks* liability can attach, *See Terwilliger*, 4 F.4th at 284-85 (5th Cir. 2021); *See also Guerra v. Castillo*, Case No. 22-40196, 2023 U.S. App. LEXIS 23763 at *16 (5th Cir. Sept. 7, 2023).

Specifically, the Original Complaint plausibly alleged that Sheriff Lyde reviewed a draft Affidavit and told his direct reports to lie in order to fabricate probable cause for the Plaintiffs' arrest, *See* Compl. at ¶ 28, which surely qualifies as "generating" a false affidavit, *See Guerra*, 2023 U.S. App. LEXIS 23763, at *17-18.

For these reasons, the Plaintiffs respectfully submit that they have plausibly alleged a *Franks* claim, at least sufficient for purposes of a Motion to Dismiss and therefore the Motion should be denied and the case move forward to a resolution on its merits.

e. **Supervisory Claim Against Sheriff Lyde**

We begin by noting that the Original Complaint plausibly alleged that Sheriff Lyde was directly engaged in Plaintiffs' arrest and imprisonment, *See* Compl. at ¶¶ 28-30, 37-42. In their Motion to Dismiss, the Defendant suggests that there can be no supervisor liability for Section 1983 claims, *See* Memo in Support at p. 9 [ECF 6].

But respectfully, even after *Iqbal,* Courts continue to recognize supervisor liability claims committed by subordinate employees, when the Plaintiff shows that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates, *See e.g., Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

In this case, the Original Complaint plausibly alleged that Lyde engaged in acts and omissions with deliberate indifference to violations of Plaintiffs' constitutional rights committed by his subordinates. Without limitation, the Original Complaint plausibly alleges that Sheriff Lyde had reviewed a draft affidavit and told the Deputies to fabricate probable cause, *See* Compl. at ¶ 38; and deceived the Justice of the Peace, *See* Compl. at Exhibit C [ECF 1-3].

Defendant Lyde suggests that good faith measures designed to avert the anticipated harm may absolve Lyde of supervisor liability, Memo in Support at p. 11 [ECF 6]. But as plausibly alleged in the Original Complaint, as a factual matter Lyde acted in bad faith to cause harm to Plaintiffs by assisting his deputies in making a false affidavit, fabricating probable cause, and deceiving Justice-of-the-Peace Swenson, *See* Compl. at 28 and Exhibit C [ECF 1-3].

For these reasons, the Plaintiffs respectfully submit that they have plausibly alleged supervisor liability, at least sufficient for purposes of a Motion to Dismiss and therefore the Motion should be denied and the case move forward to a resolution on its merits.

### f. Application of the Texas Tort Claims Act

Defendant Lyde argues that the false imprisonment claim should be dismissed under Section 101.106(e) of the Texas Tort Claims Act, Memo in Support at p. 12 [ECF 6].

Respectfully, the Original Complaint plausibly alleged that the false imprisonment deprived Plaintiffs of their rights, privileges and immunities under the U.S. Constitution and Federal Law, *See* Compl. at ¶ 70, *et passim*. These claims are federal in nature and are not subject to the election of remedies and Section 101.106(e) of the Texas Tort Claims Act. Also, Lyde is an individual, as well as the Sheriff of Clay County, Texas. Further, even if punitive damages were not available as against Lyde in this suit, they would still be available as against the County, which we will address in a separate Brief in opposition to the Motion to Dismiss by the County.

For these reasons, the Plaintiffs respectfully submit that the Texas Tort Claim Act does not bar the claims here and therefore the Motion should be denied and the case move forward to a resolution on its merits

### g. Punitive Damages – 1983 Claim

Plaintiffs may obtain punitive damages in connection with the Section 1983 claims if Plaintiffs can establish that Lyde violated Plaintiffs constitutional rights and acted with reckless or callous indifference to Plaintiff's federally protected rights, or was motivated by evil intent. *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). The Original Complaint plausibly alleged that Lyde acted with subjective recklessness or callous indifference thus triggering punitive damages, *See Kohler v. Johnson*, 396 Fed.App'x 158, 12 (5th Cir. 2010).

Without limitation to the whole of the Original Complaint and further information that will be developed during Discovery, the following allegations support a claim that Defendant

acted with reckless and callous indifference to Plaintiffs' federally protected rights – and indeed an evil intent:

- (i.) Lyde Advised his direct reports to falsify their testimony to fabricate probable cause for the Plaintiffs' arrest, Compl. at ¶ 28;

- (ii.) Lyde held Plaintiffs in jail for 70 hours before allowing them to appear before a judicial officer, Compl. at ¶ 29-30;

- (iii.) Lyde deceived Justice-of-the-Peace Swenson to enable the continued and unconstitutional arrest of the Plaintiffs, Compl. at ¶¶ 34-39;

- (iv.) Lyde admitted their responsibility for Plaintiff remaining in custody without seeing a judge for more than 48 hours, Compl. at ¶ 27; *and*

- (v.) The facts and circumstances alleged in support of Sheriff Lyde's Indictment, See generally Compl. at Exhibits C and D [ECF 1-3, 1-4]

For purposes of a Motion to Dismiss, the Plaintiffs have plausibly alleged the basis for punitive damages in connection with their Section 1983 claims, *See Kohler v. Johnson*, 396 Fed.App'x 158 (5th Cir. 2010).

E.      **Conclusion**

**WHEREFORE**, Plaintiffs respectfully request that this Court deny Sheriff Lyde's Motion to Dismiss Plaintiffs' Complaint, and grant Plaintiffs such other and further relief to which they may be entitled at law or in equity.

Dated this **September 29, 2023**

|  |  |
|---|---|
| By: | RESPECTFULLY SUBMITTED,<br><br>*[signature]*<br>Baruch S. Gottesman, Esq.<br>New York Bar No. 4480539<br>GOTTESMAN LEGAL PLLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>Phone: (212) 401-6910<br>e-mail: bg@gottesmanlegal.com<br>*Counsel for Plaintiffs*<br>*Application for Admission Pro Hac Vice*<br>*is pending (ECF 7)* |

*Counsel for the Plaintiffs*
James Roberts, Esq.
Scott H Palmer PC
15455 Dallas Parkway, Suite 540\
Addison, TX 75001
Phone: 214-987-4100
Email:James@scottpalmerlaw.Com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for Plaintiff using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Thomas P Brandt, Esq.**
FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.
One Glen Lakes 8140 Walnut Hill Lane Suite 200
Dallas, TX 75231
Phone: 214-369-1300
Email:Tbrandt@fhmbk.com

**Christopher D Livingston, Esq.**
FANNING HARPER MARTINSON BRANDT & KUTCHIN PC
8140 Walnut Hill Lane One Glen Lakes Suite 200
Dallas, TX 75231
Phone: 214-369-1300
Email:Clivingston@fhmbk.com