THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LANDON PAUL GOAD; and**<br>**SARAH LYNN JOHNSON,**<br><br>　　　　　　　Plaintiffs,<br><br>　　~ *versus* ~<br><br>**JEFF LYDE**,<br>**CLAY COUNTY, TEXAS,**<br><br>　　　　　　　Defendants. | §§§§§§§§§§§§§§§§ | **CIVIL ACTION NO:** 7:23-cv-63-O |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT CLAY COUNTY'S MOTION TO DISMISS**

Respectfully Submitted:　　　Baruch S. Gottesman, Esq.
　　　　　　　　　　　　　　New York Bar No. 4480539
　　　　　　　　　　　　　　GOTTESMAN LEGAL PLLC
　　　　　　　　　　　　　　11 Broadway, Suite 615
　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　Phone: (212) 401-6910
　　　　　　　　　　　　　　*Application for Admission Pro Hac Vice*
　　　　　　　　　　　　　　*pending (ECF 7)*

　　　　　　　　　　　　　　*Local Counsel Listed on Signature Page*

**A**     **<u>Table of Contents</u>**

**B.**   **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**C.**   **Factual and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**D.**   **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        a.     Interplay of the Claims Against the County and the Sheriff . . . . . . . . . . . . 4

        b.     *Monell* Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                1.     The First Element of Monell Liability . . . . . . . . . . . . . . . . . . . . 5

                1.     The First Element of Monell Liability . . . . . . . . . . . . . . . . . . . . 7

                2.     The Third Element of Monell Liability . . . . . . . . . . . . . . . . . . . 10

**E.**   **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Plaintiffs Landon Paul Goad and Sarah Lynn Johnson (referred to in this Memorandum collectively as the "Plaintiffs" or individually by their surnames) in opposition to the Motion to Dismiss by Defendant Clay County, Texas (hereinafter "County", "Defendant", or "Clay County") [ECF 4]. For the reasons described below, the Plaintiffs respectfully submit that the Motion to Dismiss should be denied in its entirety and this case should move forward.

**C.     Introductory Statement**

As highlighted in the Original Complaint [ECF 1] (referred to here as "Compl."):

"The treatment of Ms. Johnson and Mr. Goad and the Sheriff's disregard for this court's order are matters of grave concern."

> Letter of John Swenson, Justice of the Peace for Clay County, to District Attorney for the 97th Judicial District at p. 2 (July 13, 2023) [ECF 1-2]

The highly unusual circumstances of this case led to Sheriff's Lyde's indictment. The unconstitutional imprisonment of Plaintiffs for 70 hours without access to a magistrate, representations to the Justice of the Peace that led the Judicial Officer to believe there was a valid warrant, and the alleged destruction of relevant documentation are shocking. But this case does not seek to resolve the political ramifications and penal processes, which will continue in the appropriate fora. The narrow issue here is whether the Plaintiffs stated any cause of action against Clay County – which they have.

And for that reason, Plaintiffs respectfully submit that the County's Motion to Dismiss should be denied in its entirety and this should move forward to Discovery and a resolution on its merits.

D. **Factual and Procedural Background**

Defendant Clay County's review of the factual allegations in the Original Complaint, *See* Brief in Support [ECF 6], elides the key facts that give rise to the alleged Causes of Action. We respectfully refer the reader to the Original Complaint and incorporate by reference the Factual Background section in Defendant Lyde's Memo in Opposition to the Motion to Dismiss.

We'll also emphasize that this is the original Complaint being analyzed, and to the extent that this Court was inclined to Dismiss because of a failure to allege any necessary element, they respectfully request that any such Order dismissing the Original Complaint provide for leave to Amend to supplement the factual background.

E. **Argument and Legal Authority
in Opposition to the Motion to Dismiss**

a. **Interplay of the Claims Against the County and the Sheriff**

As an initial matter, the Plaintiffs respectfully incorporate by reference and adopt in full the arguments in opposition to Defendant Clay's Motion to Dismiss. This includes but is not limited to the Standards under Rule 12(b)(6); the False Arrest/False Imprisonment claim pursuant to Section 1983, State law claims, the *Franks* claims, and all other arguments and related causes of action.

In addition, we respectfully submit that the Section 1983 Claims Against Lyde are not "merely redundant" and should not be Dismissed, as they are not duplicative and plead in the alternative – dismissal is premature at this stage.

To the extent any issue raised by the Defendants remain unaddressed or other matter remains open, we invite the Court to advise the Plaintiffs if additional briefing may be helpful in presenting the Plaintiffs' position and in resolving such matters.

Instead, the discussion here will focus on the County's liability pursuant to the line of cases following *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

### b.      *Monell* Liability

Municipality liability arises under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978).

#### 1.      The First Element of *Monell* Liability

The first requirement for imposing municipal liability is showing that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality, *See Zarrow v. City of Wichita Falls, Texas*, 614 S.3d 161, 167 (5th Cir. 2010). The County suggests that the Original Complaint should be dismissed because of a failure to allege this element, *See* Memo in Support at p. 9 [ECF 4].

Respectfully, the Original Complaint plausibly alleged this element. And here how:

***First***, the Original Complaint plausibly alleges that Sheriff Lyde was an official policymaker who acted on behalf of the County. When the official representing the ultimate repository of law enforcement power for a County makes a deliberate decision to abuse that power to the detriment of its citizens, County liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied, *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 136-138 (5th Cir. 1990). In Texas, County Sheriffs are the official policymakers

for counties regarding law enforcement decisions as they are "charged with preserving the peace in his jurisdiction and arresting all offenders." *Turner*, 915 F.2d at 136; *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009); *Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003). A Texas Sheriff, "as the county's final policymaker in this area, [] has been empowered by the state to define objectives and choose the means of achieving them without county supervision." *Turner*, 915 F.2d at 136.

The Original Complaint plausibly alleged that Defendant Lyde was the Sheriff of Defendant Clay County, *See* Compl. at ¶ 3.  Under Texas law and practice, Lyde was the final policymaker for Clay County regarding law enforcement decisions and responsible for "preserving the peace in his jurisdiction and arresting all offenders" – all "without county supervision." *Turner*, 915 F.2d at 136. Clay County "may be held liable for the illegal or unconstitutional actions of its final policymakers themselves as they engage in the setting of goals and the determination of how those goals will be achieved." *Turner*, 915 F.2d at 136.  Just as here, in *Turner* the County was potentially liable for the fabrication of evidence for a false arrest by the Sheriff, See *Turner*, 915 F.2d at 136-37 *citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

*Second,* the Original Complaint plausibly alleged that Lyde had actual or constructive knowledge of the constitutional violations.  The Original Complaint alleges and provides documentary evidence and reports by independent judicial and prosecution officers that on July 12, 2021, in Clay County, Texas, Lyde intentionally destroyed, concealed, removed, or otherwise impaired the verity, legibility, or availability of a probable cause affidavit in which the magistrate found "No Probable Cause" for the offense allegedly committed by Plaintiff Landon Paul Goad, *See* Compl. at Exhibit D [ECF 1-4].  The Original Complaint plausibly alleges that

after the Deputies admitted that they did not have sufficient information to support probable cause, the Sheriff told his direct reports to fabricate information to support probable cause, Compl. at ¶ 28. Further, the Indictment alleges that Sheriff Lyde intentionally subjected Plaintiff Landon Goad to detention that Lyde knew was unlawful, namely by detaining the said Landon Goad in jail more than 48 hours without a finding of probable cause by a magistrate, and the defendant was acting under color of his employment as Clay County Sheriff, See Compl. at Exhibit C [ECF 1-3].

Therefore, for purposes of this Motion to Dismiss, the Plaintiffs have plausibly alleged the first prong of Monell liability.

### 2.   The Second Element of *Monell* Liability

Defendants argue that the Plaintiffs failed to establish the second prong of *Monell* liability because the Original Complaint fails to sufficiently allege that the County adopted a policy of keeping plaintiffs incarcerated for more than 48 hours, Memo in Support at p. 11 [ECF 3]. We respectfully disagree.

*First*, a single decision of the Sheriff can establish a County policy where "the constitutional harm in question must've been the plainly obvious consequence of the actor's single decision. In practice, that means the decision must've been made despite a very high degree of predictability concerning the consequences of the challenged decision." *See Liggins v. City of Duncanville*, 52 F.4th 954, 955 (5th Cir. 2022).

*Second*, a decision to adopt a particular course of conduct represents official policy even if it is not intended to govern future conduct so long as the decision was made by a final policymaker. *Pembaur*, 475 U.S. at 481. Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only

once or to be taken repeatedly. Municipal liability under § 1983 attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembaur*, 475 U.S. at 481-83.

If the Court will indulge us, we quote at length from *Pembaur* as the Supreme Court addresses this issue in full:

> "[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy. *See*, *e.g., Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (City Council passed resolution firing plaintiff without a pretermination hearing); *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (City Council canceled license permitting concert because of dispute over content of performance). But the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. *Monell*'s language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," *Monell, supra,* 436 U.S., at 694, 98 S.Ct., at 2037–2038, and whose decisions therefore may give rise to municipal liability under § 1983.
>
> "Indeed, any other conclusion would be inconsistent with the principles underlying § 1983. To be sure, 'official policy' often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time. That was the case in *Monell* itself, which involved a written rule requiring pregnant employees to take unpaid leaves of absence before such leaves were medically necessary. However, as in *Owen* and *Newport,* a government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act

of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. To deny compensation to the victim would therefore be contrary to the fundamental purpose of § 1983."

*Pembaur,* 475 U.S. at 480–84.

*Third*, the Original Complaint plainly alleges that Sheriff Lyde had the requisite degree of culpability, namely that Sheriff Lyde completely disregarded Plaintiff's constitutional rights in making any single decision. ECF Doc. 4 at p. 13 of 16.

Without limitation to the other allegations, the Original Complaint plausibly alleges the constitutional harms were the *plainly obvious* consequences of Lyde's decision, namely:

(i.) Lyde Advised his direct reports to falsify their testimony to fabricate probable cause for the Plaintiffs' arrest, Compl. at ¶ 28;

(ii.) Lyde held Plaintiffs in jail for 70 hours before allowing them to appear before a judicial officer, Compl. at ¶ 29-30;

(iii.) Lyde deceived Justice-of-the-Peace Swenson to enable the continued and unconstitutional arrest of the Plaintiffs, Compl. at ¶¶ 34-39;

(iv.) Lyde admitted their responsibility for Plaintiff remaining in custody without seeing a judge for more than 48 hours, Compl. at ¶ 27; and

(v.) The facts and circumstances alleged in support of Sheriff Lyde's Indictment, See generally Compl. at Exhibits C and D [ECF 1-3, 1-4]

The constitutional harm to Plaintiffs was plain from each of these acts by the Sheriff. Falsely manufacturing probable cause was very highly likely to result in the denial of the Plaintiffs' constitutional due process rights and rights to remain free from confinement, *See Young v. Biggers*, 938 F.2d 565, 570 n. 9 (5th Cir. 1991). Further discussion about the constitutional violations here discussed in opposition to the Motion to Dismiss by Defendant Lyde are respectfully adopted in full and incorporated by reference here.

3.   **The Third Element of *Monell* Liability.**

The County suggests that municipal policy was not the "the moving force behind the violation of a constitutional right." Memo in Support at p. 13 [ECF 4].

For a policy to be a "moving force" of an alleged violation, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and show a causal link between the municipal action and the deprivation of federal rights, *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). The plaintiff must show that the municipal decision reflects deliberate indifference to the risk that a violation of a constitutional or statutory right will follow the decision. *Id.*

The Original Complaint plainly alleges that Lyde acting on behalf of the County showed deliberate indifference (and even intent to violate) that a violation of a constitutional right would follow his decisions, namely:

(i.)   Lyde Advised his direct reports to falsify their testimony to fabricate probable cause for the Plaintiffs' arrest, Compl. at ¶ 28;

(ii.)  Lyde held Plaintiffs in jail for 70 hours before allowing them to appear before a judicial officer, Compl. at ¶ 29-30;

(iii.) Lyde deceived Justice-of-the-Peace Swenson to enable the continued and unconstitutional arrest of the Plaintiffs, Compl. at ¶¶ 34-39;

(iv.)  Lyde admitted their responsibility for Plaintiff remaining in custody without seeing a judge for more than 48 hours, Compl. at ¶ 27; and

(v.)   The facts and circumstances alleged in support of Sheriff Lyde's Indictment, See generally Compl. at Exhibits C and D [ECF 1-3, 1-4]

Each of these was obviously intended to injure the Plaintiffs' rights.

**E.     Conclusion**

WHEREFORE, Plaintiffs respectfully request that this Court deny Clay County's Motion to Dismiss Plaintiffs' Complaint, and grant Plaintiffs such other and further relief to which they may be entitled at law or in equity.

Dated this **September 29, 2023**

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| By: | *[signature]* |
|  | Baruch S. Gottesman, Esq.<br>New York Bar No. 4480539<br>GOTTESMAN LEGAL PLLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>Phone: (212) 401-6910<br>e-mail: bg@gottesmanlegal.com<br>*Counsel for Plaintiffs*<br>*Application for Admission Pro Hac Vice*<br>*is pending (ECF 7)* |

*Counsel for the Plaintiffs*
James Roberts, Esq.
Scott H Palmer PC
15455 Dallas Parkway, Suite 540\
Addison, TX 75001
Phone: 214-987-4100
Email:James@scottpalmerlaw.Com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for Plaintiff using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Thomas P Brandt, Esq.**
FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.
One Glen Lakes 8140 Walnut Hill Lane Suite 200
Dallas, TX 75231
Phone: 214-369-1300
Email:Tbrandt@fhmbk.Com

**Christopher D Livingston, Esq.**
FANNING HARPER MARTINSON BRANDT & KUTCHIN PC
8140 Walnut Hill Lane One Glen Lakes Suite 200
Dallas, TX 75231
Phone: 214-369-1300
Email:Clivingston@fhmbk.Com