IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LANDON PAUL GOAD and § | | |
| SARAH LYNN JOHNSON § | | |
|     Plaintiffs § | | |
| § | | |
| vs. § | No. | 7:23-cv-00063-O |
| § | | |
| JEFF LYDE and § | | |
| CLAY COUNTY, TEXAS § | | |
|     Defendants § | | |

## DEFENDANT COUNTY'S REPLY IN SUPPORT OF
## ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Clay County ("County") files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint [ECF Doc. No. 4], in reply to Plaintiff's Response [ECF Doc. No. 13], and in support thereof respectfully shows as follows:

### I.
### SUMMARY

Plaintiffs' silence conceded several of the County's arguments, such as the County's Rule 12(b)(1) motion with regard to Plaintiffs' tort claims. When Plaintiffs do make an argument, they appear to have misconstrued municipal liability under 42 U.S.C. §1983. Plaintiffs' arguments against dismissing the official-capacity and tort claims they are attempting to bring against Sheriff Lyde are without merit. The official-capacity claims are redundant of the claims against the County. The County has governmental immunity from claims for intentional torts. Plus, Plaintiffs' claim for punitive damages against the County misstates the law. The County's motion to dismiss on all these claims should be dismissed with prejudice because there is no way for Plaintiffs to successfully amend.

Plaintiffs' responses appear to clarify that the claims against the County actually turn on a decision to hold Plaintiffs during a 24-hour period between JP Swenson finding no probable cause and Judge Campbell finding probable cause for Plaintiffs' arrests. Plaintiffs make conclusory allegations that they heard someone say Sheriff Lyde advised them to put untrue information in a subsequent affidavit, but Plaintiffs fail to allege what information was supposedly untrue. Plaintiffs instead admit (and are silent in response) to having a fight that resulted in neighbors calling in a domestic disturbance. But Plaintiffs fail to address the argument that 37 TEX. ADMIN. CODE § 267.2 prevented Sheriff Lyde from releasing Plaintiffs.

Plaintiffs attempt to impose liability on the County under the single incident test by a final policymaker. No doubt Sheriff Lyde is final policymaker for law enforcement decisions in the County, but municipal liability under §1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the final policymaker. Again, Plaintiffs fail to respond to the argument that Sheriff Lyde had no choice and that there were no alternatives. Sheriff Lyde was constrained by 37 TEX. ADMIN. CODE § 267.2 from releasing Plaintiffs without a release order. Plaintiffs fail to identify any release order or even allege that one existed. There was only a notation on an affidavit by JP Swenson that he found no probable cause. Accordingly, Plaintiffs fail to meet their burden to plausibly show that County liability might attach in this instance. The County's motion should be granted and Plaintiffs' claims dismissed.

## II.
## REPLY ARGUMENTS AND AUTHORITIES

**A.  Plaintiffs Fail to Respond to the County's Assertion Under 12(b)(1) that this Court Lacks Jurisdiction to Hear Plaintiffs' Count Three False Imprisonment Claim.**

Plaintiffs "incorporate by reference and adopt in full the arguments in opposition to Defendant Clay's [*sic*] Motion to Dismiss." ECF Doc. 13 at 4. While Plaintiffs respond to

Defendant Lyde's Rule 12(b)(6) motion, the County filed its motion under both Rules 12(b)(1) and 12(b)(6). Plaintiffs make no response to the County's Rule 12(b)(1) response. Accordingly, Plaintiffs have waived any response to the County's argument that the false imprisonment tort claim should be dismissed for lack of jurisdiction.

Furthermore, the arguments Plaintiff does make in their response to Defendant Lyde's 12(b)(6) motion are nonsense. Negligence and other tort actions are not independently cognizable claims under § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. **Remedy for the latter type of injury must be sought in state court under traditional tort-law principles**." *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (emphasis added).

Because the County is a governmental entity, Plaintiffs must demonstrate a waiver of governmental immunity to establish this Court's jurisdiction over their claims. *Alamo Forensic Servs., LLC v. Bexar County*, 861 Fed. App'x 564, 568 (5th Cir. 2021) ("Unless the party suing the governmental entity meets its burden of establishing that governmental immunity is waived, the trial court lacks jurisdiction to consider the claim.") (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012)). Plaintiffs cannot do so with respect to their tort claims, because these claims do not fall within the limited waiver of governmental immunity provided by the Texas Tort Claims Act ("TTCA"). TEX. CIV. PRAC. & REM. CODE §§101.021, 101.051, 101.057. Specifically, as a governmental entity, the County is immune from suit for intentional torts, such as false imprisonment. TEX. CIV. PRAC. & REM. CODE §101.057(2) (stating that the TTCA does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort"); *see also Tarrant County v. Green*, No. 02-19-159-cv, 2019 WL 5460679, *1 (Tex.App.—Fort Worth

Oct. 24, 2019). For this reason, the Court must dismiss with prejudice Plaintiffs' claim for false imprisonment.

Furthermore, the TTCA "requires a plaintiff to make an irrevocable election to sue either the governmental unit or its employees." *Umoren v. Plano Indep. Sch. Dist.*, 457 Fed. App'x 422, 425 (5th Cir. 2012) (citing TEX. CIV. PRAC. & REM. CODE §101.106). No amended pleading can moot a plaintiff's initial election, which must be made at the outset of the litigation. *Van Deelen v. Cain*, 628 Fed. App'x 891, 900 (5th Cir. 2015). Texas Civil Practice & Remedies Code §101.106(e) provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." All tort claims against a governmental entity or its employees are filed, "under this chapter." *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Pursuant to the Plaintiffs' irrevocable election, the County asks that the Court immediately dismiss Plaintiffs' tort claims, pleaded or to be pleaded, against County employees.

### B. Plaintiffs' Official Capacity Claims Against Sheriff Lyde Should be Dismissed as Redundant.

Plaintiffs' threadbare and unsupported assertion "that the Section 1983 Claims Against Lyde are not 'merely redundant' and should not be Dismissed" is without merit. *See* ECF Doc. 13 at 4. Courts should dismiss the redundant claims asserted against both a public official in his official capacity and the entity for which the public official works. *Kennemer v. Parker County*, No. 4:20-cv-056-P, 2021 WL 1192249, *7 (N.D. Tex. Mar. 30, 2021).[1] Plaintiffs provide no viable

---

[1] *See also, e.g.*, *Clark v. LaMarque Indep. Sch. Dist.*, 54 Fed. App'x 412 (5th Cir. 2002); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996) (dismissing claims against county judge in his official capacity as redundant of claims against the county).

rationale for maintaining their claims against Clay County and Sheriff Lyde in his official capacity. Accordingly, this Court should dismiss the official-capacity claims against Sheriff Lyde because they are redundant of Plaintiffs' claims against the County.

### C. Plaintiffs Failed to Respond to the County's Argument that the Initial Arrest was Valid.

The County pointed out that the Fourth Amendment question is whether the "facts and circumstances within the officer's knowledge [] are sufficient to warrant a prudent person, or one of reasonable caution," to believe the crime had been committed. The County argued that Plaintiff's *Complaint* supported there being probable cause for the initial arrest. ECF Doc. 4 at 8. For example, Plaintiffs attach evidence that Deputy Brooks witnessed that Plaintiff Goad "had scratch marks on his stomach and wrist as well as a knot on his head behind his ear." ECF Doc. 1-1. Similarly, Plaintiff Johnson "had a swollen left eye as well as scratches on [her] shoulder area." *Id*. The Deputies witnessed the elements of violation of Section 22.01(a) of the Texas Penal Code. Judge Campbell agreed there was probable cause. Plaintiffs' response is silence.

Instead, Plaintiffs shift gears and argue that their claim is actually based on the continued jailing of Plaintiff Goad in the 24-hour period between JP Swenson finding no probable cause and Judge Campbell finding probable cause for Plaintiffs' arrests. Where no constitutional violation occurred, the County cannot be liable. *See Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392–93 (5th Cir. 1999) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam)). Plaintiffs have failed to respond and have failed to plead sufficient facts to show that the Deputies lacked probable cause to arrest and imprison them in the first instance. Consequently, Plaintiffs' claims against the County on this basis should be dismissed.

### D. Plaintiffs Failed to Respond to Sheriff Lyde's Demand to Outline Plaintiffs' *Franks* Claim.

Similarly, Plaintiffs offered no response to Sheriff Lyde's argument that "Plaintiffs utterly fail to attempt anywhere in their Complaint to identify what statements in the affidavit are false, how the statements are false, or how any false statements influenced Judge Campbell to find probable cause when none allegedly existed." ECF Doc. 6 at 8. Instead, Plaintiffs make the conclusory allegation that "Sheriff Lyde reviewed a draft Affidavit and told his direct reports to lie in order to fabricate probable cause for the Plaintiffs' arrest…which surely qualifies as 'generating' a false affidavit." ECF Doc. 12 at 13 (citing ECF Doc. 1 at ¶28). Plaintiffs make no attempt to engage with Sheriff Lyde's arguments nor do they describe how their *Complaint* meets the necessary elements of a plausible *Franks* claim. By failing to respond to these arguments, Plaintiffs conceded their validity. Plaintiffs make no attempt to identify the allegedly "fabricated" statements in the probable cause affidavits. The Court should, therefore, dismiss Plaintiffs' *Franks* claim against the County.

### E. Plaintiffs Improperly Conflate the Liability Standards for a Single-Incident by a Final Policymaker and an Official Policy.

Municipalities cannot be held liable under §1983 based on a *respondeat superior* theory. *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 365 (5th Cir. 2020). Instead, a plaintiff seeking to impose municipal liability under §1983 must establish a policymaker, an official policy or custom, and a violation of constitutional rights whose moving force is the municipal policy or custom. *Monell v. N.Y Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Alternatively, a plaintiff may establish municipal liability through proof that a constitutional deprivation was caused by a custom that is so widespread as to have the force of law. *Piotrowski,* 237 F.3d at 579. A custom capable of supporting

municipal liability under §1983 requires evidence of persistent, often repeated, constant violations, not merely isolated incidents. *Id*. at 581 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc); *Zarnow v. City of Wichita Falls Tex*., 614 F.3d 161, 169 (5th Cir. 2010) (a custom "consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the conduct"); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850–52 (5th Cir. 2009) (many prior incidents are required—27 similar incidents over a period of four years was not sufficient to establish a custom). A custom requires similarity and specificity; prior incidents must point to the specific violation in question. *Peterson*, 588 F.3d at 851.

Plaintiffs attempt to impose liability on the County under the final policymaker exception. Section 1983 only imposes liability when a final policymaker, through deliberate conduct, caused the plaintiff's injury. Plaintiffs conflate two different theories of municipal liability: (1) that in which a single decision by a policymaker carries with it a known or obvious risk of the particular type of injury suffered and (2) that in which an official policy is the moving force behind the plaintiffs' injury.

Liability can only be imposed for a single decision when the decision was made by a policymaker acting with deliberate indifference to the consequences. To prevail against a governmental entity such as a county, a plaintiff must show that the entity's final policymaker acted with deliberate indifference in maintaining an unconstitutional policy that caused the plaintiff's injury. *Monell*, 436 U.S. at 694. The Fifth Circuit has recognized a narrow set of circumstances under which "a single decision by a policymaker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000). A plaintiff who brings a claim pursuant to this "single incident" exception must show

(1) that the decision was made by a final policymaker, and (2) that "a constitutional violation is a plainly obvious consequence of his decisions." *Livezey v. The City of Malakoff*, 657 Fed. App'x 274, 277 (5th Cir. 2016).

In examining the first element, it is essential to distinguish between "an exercise of *policymaking authority* and an exercise of *delegated discretionary policy-implementing authority*." *Brown*, 520 U.S. at 434, 117 (emphasis in original); *see also Bolton v. City of Dallas*, 541 F.3d 545, 548–49 (5th Cir. 2008). Limiting the single decisions that trigger municipal liability to those made by final policymakers is necessary to avoid imposing *respondeat superior* liability. *Brown*, 520 U.S. at 405; *see also Triplett v. D.C.*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) ("The only acts that count (though they may include inaction giving rise to or endorsing a custom) are ones by a person or persons who have 'final policymaking authority [under] state law.'") (quoting *Jett v. Dall. Ind. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

The second element of the single incident test is necessary to ensure notice to the municipality. The Supreme Court has cautioned: "Where a claim of municipal liability rests on a single decision ... the danger that a municipality will be held liable *without fault* is high. Because the decision necessarily governs a single case, there can be no notice to the municipal decisionmaker, based on previous violations of federally protected rights, that his approach is inadequate." *Brown*, 520 U.S. at 408 (emphasis added). Thus, the standard for showing that the plaintiff's injury was the plainly obvious consequence of the decision is a high bar. *See Livezey*, 657 Fed. App'x at 277–78 ("We have held that failing to respond to a history of 'bad or unwise acts' that 'demonstrate lack of judgment, crudity, and, perhaps illegalities' is not enough for deliberate indifference.") (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). "'[M]unicipal liability under §1983 attaches where—and only

where—a deliberate choice to follow a course of action is made from among various alternatives by [municipal] policymakers.'"[2] Instead, Plaintiffs must show that the final policymaker had the requisite degree of culpability and that its policies were the actual cause of the constitutional violation. *Edgewood Indep. Sch. Dist.*, 964 F.3d at 365–66.

Here, Plaintiffs do not even respond to the argument that 37 TEX. ADMIN. CODE § 267.2 prevented Sheriff Lyde from releasing Plaintiffs. Sheriff Lyde points out that JP Swenson never ordered Plaintiffs' release and never provided an order of release. Sheriff Lyde asserted in his motion to dismiss that "[p]rior to releasing a prisoner from custody, a peace officer or licensed jailer 'shall be certain that authorized release orders have been presented for the discharge or release of the inmate.'" ECF Doc. 4 at n.2 (citing 37 TEX. ADMIN. CODE § 267.2). Plaintiffs make no attempt to address this in their response. Instead, they leave alone the fact that Sheriff Lyde had an affidavit with a notation on it, but no release order. Plaintiffs fail to show that Sheriff Lyde made a deliberate choice among various alternatives. Sheriff Lyde could not release the Plaintiffs because state law prevented him from doing so. Again, Plaintiffs make no response to this point. Accordingly, they have failed to establish the second element of the single incident test. The §1983 action against the County should be dismissed.

### F. The Court Should Dismiss Plaintiffs' Claim for Punitive Damages with Prejudice.

Plaintiffs assert that "even if punitive damages were not available as against Lyde in this suit, they would still be available as against the County." ECF Doc. 12 at 15. Again, Plaintiffs misstate the law. Punitive damages cannot be recovered from governmental entities under §1983.

---

[2] *Goodman*, 571 F.3d at 396 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)); *cf. Bolton*, 541 F.3d at 549 ("When a governmental official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality.") (citation omitted).

*Skyy v. City of Arlington*, 712 F. App'x 396, 401 (5th Cir. 2017) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259–71 (1981)). Therefore, Plaintiffs' claim for punitive damages against the County should be dismissed with prejudice because Plaintiffs are not capable of repleading an actionable cause entitling them to punitive damages against the County.

WHEREFORE, PREMISES CONSIDERED, Defendant Clay County prays that the Court grant this motion to dismiss Plaintiffs' claims against the County for lack of jurisdiction, under Federal Rule of Civil Procedure 12(b)(1) and for failure to state claims upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), and that all of Plaintiffs' causes of action against the County be dismissed, with prejudice to the refiling of same; Defendant County further prays that the claims against Sheriff Lyde (and any of the County's other employees identified as John Does 1–10) in his official capacity be dismissed as redundant of Plaintiffs' claims against the County; Defendant County further prays that Plaintiffs' tort claims against Sheriff Lyde (and any of the County's other employees identified as John Does 1–10) be dismissed pursuant to Texas Civil Practice and Remedies Code Section 101.106; Defendant County further prays that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied; and that Defendant County recover all costs of suit; as well as such other and further relief, both general and special, at law or in equity, to which Defendant County may show itself to be justly entitled.

Respectfully submitted,

/s/ *Christopher D. Livingston*
**THOMAS P. BRANDT**
  State Bar No. 02883500
**CHRISTOPHER D. LIVINGSTON**
  State Bar No. 24007559

**FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.**
A Professional Corporation
One Glen Lakes

        8140 Walnut Hill Lane, Suite 200
        Dallas, Texas 75231
        (214) 369-1300 (office)
        (214) 987-9649 (telecopier)
        tbrandt@fhmbk.com
        clivingston@fhmbk.com

        **ATTORNEYS FOR DEFENDANTS**
        **CLAY COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

        /s/ *Christopher D. Livingston*
        **CHRISTOPHER D. LIVINGSTON**