# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| LANDON PAUL GOAD and SARAH LYNN JOHNSON, § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 7:23-cv-00063-O |
| § | |
| JEFF LYDE and CLAY COUNTY, TEXAS, *et al.*, § § | |
| Defendants. § | |

## OPINION & ORDER GRANTING MOTIONS TO DISMISS

Before the Court are two motions to dismiss and related briefing: **(1)** Clay County (the "County")'s Motion to Dismiss (ECF No.4), Plaintiffs' Response (ECF No. 13), and the County's Reply (ECF No. 18); and **(2)** Sheriff Jeff Lyde (the "Sheriff")'s Motion to Dismiss (ECF No. 6), Plaintiffs' Response (ECF No. 12), and the Sheriff's Reply (ECF No. 17).

Having considered the briefing and applicable law, the Court **GRANTS** the County's Motion to Dismiss on all claims. The Court finds that Plaintiffs have failed to plausibly state a claim for which relief can be granted via their 42 U.S.C. § 1983 claims against the Clay County. The Court also **GRANTS** the Motion to Dismiss filed by the Sheriff due to qualified immunity for Plaintiffs' § 1983 claims. Finally, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against the Defendants. Accordingly, all of Plaintiffs' § 1983 and municipal liability claims against the County, the Sheriff, and John Does 1-10 are **DISMISSED with prejudice**. The Plaintiffs' remaining state law claims for false imprisonment are **DISMISSED without prejudice**.

1

# BACKGROUND[1]

Plaintiffs allege that on July 10, 2021, they "were engaged in a spirited discussion with one another" at their home. Plaintiffs further allege that their spirited discussion resulted in "reports of a disturbance coming from their Home." Deputies Demonte Brooks and Joshua Ferguson were dispatched to the family violence disturbance. Plaintiffs state in their Complaint that they told "Deputies that they had not engaged in any battery or other assault against each other that night and that neither sought to press charges." However, Deputy Brooks stated in his Affidavit for Warrant of Arrest and Detention that Plaintiff Goad reported to the Deputies at the scene that Plaintiff Johnson had "hit and kicked" Plaintiff Goad. Furthermore, Deputies witnessed that Plaintiff Goad "had scratch marks on his stomach and wrist as well as a knot on his head behind his ear." Similarly, Plaintiff Johnson reported to Deputies at the scene that Plaintiff Goad had "attacked her" and Plaintiff Johnson "had a swollen left eye as well as scratches on [her] shoulder area." The Deputies were unable to determine based on Plaintiffs' "conflicting stories" who initiated the assault and therefore, arrested both Plaintiffs for failure to keep the peace. Plaintiffs were transported to the Clay County Jail and placed in separate cells. On July 13, 2021, Clay County Judge Mike Campbell found probable cause for Plaintiffs' arrests and set their bonds at $1,500.00 each.

Plaintiffs complain that prior to Judge Campbell's finding of probable cause for the continued detention of both Plaintiffs, Justice of the Peace John Swenson ("JP Swenson") considered their matter. Plaintiffs allege JP Swenson considered the matter on July 12, 2021, 46 hours after Plaintiffs' initial arrest. JP Swenson declined to sign Deputy Brooks' initial Probable

---

[1] All facts stated herein are drawn from Plaintiffs' Original Complaint (ECF No. 1), unless otherwise specified. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Cause Affidavit. Plaintiffs further allege that JP Swenson wrote on Deputy Brooks' initial Probable Cause Affidavit that "Court finds no PC for arrest." There was no order releasing Plaintiffs by JP Swenson or any other Magistrate. However, Plaintiffs admit that 24 hours later Judge Mike Campbell found probable cause for Plaintiffs' arrests and set their bonds at $1,500.00 each.

Plaintiffs further claim that Deputy Brooks' initial Probable Cause Affidavit contained "exaggerated and untrue factual allegations about the Plaintiffs' interaction with each other on July 10, 2021." Plaintiffs claim that the Sherriff "reviewed a draft Affidavit and advised the Deputies to change their testimony on the Affidavits to reflect untrue information…."

Due to the above events, Plaintiffs assert claims against the County and Sheriff under 42 U.S.C. § 1983 and municipal liability for false arrest and imprisonment under the Fourth Amendment. Plaintiffs also appear to assert a tort claim for false imprisonment, a state-law claim under the Texas Tort Claims Act. Specifically, Plaintiffs seek recovery for: punitive damages; actual damages; compensatory damages, attorneys' fees, and prejudgment and post-judgment interest. Both the County and the Sheriff filed a motion to dismiss.[2] Those motions and all responsive briefing are now ripe for the Court's review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this

---

[2] *See* County's Mot. to Dismiss, ECF No.4; Sheriff's Mot. to Dismiss, ECF No. 6.

standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

## ANALYSIS

Plaintiffs assert violations of their Fourth Amendment rights pursuant to 42 U.S.C. § 1983 and municipal liability against the Sheriff and the County.[3] Plaintiff also brings a tort claim for false imprisonment against all Defendants.[4] Each of the Defendants seeks dismissal of the claims against them.[5] The Sheriff argues that he is shielded by qualified immunity.[6] And the County argues that municipal liability applies.[7] As explained below, the Court agrees that all of Plaintiffs' claims should be dismissed.

### I. Official Capacity

As an initial matter, Plaintiffs may not bring these claims against the Sherriff in his official capacity[8] Claims asserted against a municipal official in his official capacity are redundant to claims against the municipal entity and may be dismissed. *Sander-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010). Because a § 1983 claim against a municipal actor in his official capacity is tantamount to a claim against the municipality itself, the Court dismisses the complaint against the Sheriff in his official capacity and will only address the claims brought against the Sheriff in his individual capacities. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 n.7 (1989).

### II. § 1983 Claim Against Sheriff

Plaintiffs first bring a § 1983 claim against the Sherriff alleging that Defendants violated their right to be free from arrest and incarceration without probable cause.[9] In response, the Sheriff argues that Plaintiffs' claims are precluded by qualified immunity. The Court agrees. For the

---

[3] Pl.'s Original Compl., ECF No. 1.
[4] *Id*.
[5] County's Mot. to Dismiss, ECF No.4; Sheriff's Mot. to Dismiss, ECF No. 6.
[6] Sheriff's Mot. to Dismiss, ECF No. 6.
[7] County's Mot. to Dismiss, ECF No.4.
[8] Pl.'s Original Compl., ECF No. 1
[9] *Id.*

reasons explained below, the Court determines that Plaintiffs fail to overcome the qualified immunity defense at this stage and **GRANTS** the Sheriff's motion to dismiss.

### A. Qualified Immunity Legal Standard

The doctrine of qualified immunity protects government officials sued under 42 U.S.C. § 1983 "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* This doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Such protection "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Critically, the plaintiff "has the burden to negate the [qualified immunity] defense once properly raised" by a government official acting with discretionary authority. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Additionally, supervisory officials may not be held vicariously liable for the actions of their subordinates under § 1983. *Iqbal*, 556 U.S. at 677 ("[e]ach Government official … is only liable for his or her own misconduct"); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)( § 1983 does not create supervisory or *respondeat superior* liability).

Deciding whether an official is entitled to qualified immunity requires a court to apply the two-pronged analysis first established in *Saucier v. Katz*. 533 U.S. 194 (2001). Courts have

discretion to decide which of the two prongs should be addressed first in light of the circumstances of each particular case. *Pearson*, 555 U.S. at 236, 242 ("[T]he judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case.").

The first prong of the qualified immunity inquiry is whether the facts alleged are sufficient to make out a violation of a constitutional or federal statutory right. *Saucier*, 533 U.S. at 201. If a plaintiff's allegations, viewed favorably, do not set out a legitimate claim for relief for violation of a right, no further inquiry is necessary. *Id.* "To surmount this [qualified immunity] barrier at the motion to dismiss stage, the plaintiffs must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged and that defeat a qualified immunity defense with equal specificity." *Torns v. City of Jackson*, 622 F. App'x 414, 416 (5th Cir. 2015) (cleaned up). "[A] plaintiff bringing a section 1983 action must specify the personal involvement of *each* defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (emphasis added). Group pleading is insufficient because "a § 1983 plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Michelle Louise Brawley & Preston Smith v. Texas, et al.*, No. 3:21-cv-2256-N (BH), 2023 WL 2958614, at *3–4 (N.D. Tex. Mar. 15, 2023 (cleaned up); *see also Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007) (emphasizing that even where police "officers acted in unison," that the district court erred in considering their actions together rather than addressing each officer's actions individually for the qualified immunity analysis). Failure to plead specifically what a particular defendant did is "fatal" to a plaintiff's claim. *Cass v. City of Abilene*, 814 F.3d 721, 730 (5th Cir. 2016) (citing *Meadours*, 483 F.3d at 421–22).

This second qualified immunity prong is to determine whether a defendant's actions were objectively reasonable "in light of clearly established law at the time of the conduct in question." *Hampton Co. Nat'l Sur., L.L.C. v. Tunica Cnty.*, 543 F.3d 221, 225 (5th Cir. 2008) (citation and internal quotation marks omitted). The United States Supreme Court has repeatedly recognized "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *See White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Ashcroft*, 563 U.S. at 742). To be "clearly established," an asserted constitutional right "must be 'particularized' to the facts of the case." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Otherwise, a plaintiff "'would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id.* The clear establishment inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson*, 555 U.S. at 244 (cleaned up); *see also Hope v. Pelzer*, 536 U.S. 730, 731 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful" (internal quotation marks omitted)).

The United States Supreme Court has stressed the demanding nature of this standard and the level of specificity required. *See Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 5–6 (2021) (recognizing that it is the plaintiff's burden "to identify a case that put[s] [a defendant] on notice that his specific conduct was unlawful"). While a plaintiff need not provide a case directly on point to show that a right is clearly established, "'existing precedent must have placed the statutory or constitutional question behind debate.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). If a plaintiff meets this demanding standard by sufficiently pleading the violation of a constitutional or federal statutory right, a court must decide the second

prong: whether that right was clearly established at the time of the government official's alleged misconduct. *Id.*

If public officials or officers of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized." *Malley*, 475 U.S. at 341; *see also Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). Conversely, an officer's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent that the officer's conduct, when undertaken, would be a violation of the right at issue. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). "The critical consideration is fair warning." *Taylor v. LeBlanc*, 68 F.4th 223, 228 (5th Cir. 2023).

### B. The Sherriff's Immunity [10]

Plaintiffs do not allege a clearly established constitutional violation because Plaintiffs have not sufficiently pleaded facts showing they were wrongfully arrested without probable cause. An officer must have probable cause to make an arrest without a warrant. *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). Probable cause exists when there is a "basis for an officer to believe to a 'fair probability' that a violation occurred." *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000)

---

[10] Plaintiffs reference a *Franks* claim in their Original Complaint. The elements of a *Franks* claim are: "(1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause. *Davis v. Hodgkiss,* 11 F.4th 329, 333 (5th Cir. 2021) (per curiam)(citations omitted). Plaintiffs allege that while in custody they "heard the Deputies admit that [the Deputies] did not have sufficient information to support 'probable cause' and that Clay County Sheriff Jeff Lyde has reviewed a draft Affidavit and advised the Deputies to change their testimony on the Affidavits to reflect untrue information." Plaintiffs' Original Complaint, ECF No. 1 at ¶28. However, Plaintiffs fail to identify what statements in the affidavit are false, how the statements are false, or how any false statements influenced Judge Campbell to find probable cause when none allegedly existed. The Court notes that Plaintiffs' simple conclusory reference to a *Franks* claim is insufficient to form a cognizable claim.

9

(citing *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (citations omitted). "[F]acts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *see also Maryland v. Pringle*, 540 U.S. 366, 370–71 (2003) (emphasizing that probable cause "is a fluid concept" that "turn[s] on the assessment of probability in particular factual contexts" that are "not readily, or even usefully, reduced to a neat set of legal rules" (cleaned up)).

Importantly, "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime." *DeFillippo*, 443 U.S. at 36. And "the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* This remains true even if the officer's stated reasons for the arrest differ from the offense for which the facts support a finding of probable cause. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (explaining that the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts objectively provide probable cause").

Here, Plaintiffs attach evidence that Deputy Brooks witnessed that Plaintiff Goad "had scratch marks on his stomach and wrist as well as a knot on his head behind his ear."[11] Similarly, Plaintiff Johnson "had a swollen left eye as well as scratches on [her] shoulder area."[12] The

---

[11] Pl.'s Original Compl., ECF No. 1-1.
[12] *Id.*

arresting Deputies witnessed the elements of a violation of Section 22.01(a) of the Texas Penal Code.[13]  Additionally, Judge Campbell agreed that there was probable cause.[14]

These facts, viewed favorably, are insufficient to make out a violation of a Fourth Amendment right. *Saucier*, 533 U.S. at 201. Accordingly, because Plaintiffs do not satisfy the first prong, the Court will not continue its analysis of the second qualified immunity prong to determine whether a defendant's actions were objectively reasonable.

Because Plaintiffs do not sufficiently plead facts showing any constitutional violations to the Fourth Amendment, the Court **GRANTS** the Sherriff's motion to dismiss in its entirety.

### III.   § 1983 Claim Against Clay County

Plaintiffs additionally bring a municipal liability claim against Clay County under Section 1983. "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "'[I]t is well established that there must be an underlying constitutional violation for there to be a claim under *Monell*.'" *Landry v. Laborde-Lahoz*, 852 Fed. App'x 123, 127 (5th Cir. 2021) (quoting *Taite v. City of Fort Worth Texas*, 681 F. App'x 307, 309 (5th Cir. 2017)).

Because the Court holds that no constitutional rights were violated, Plaintiffs' claims against Clay County for municipal liability should be **DISMISSED**.

### IV.   False Imprisonment Claim

Finally, Plaintiffs also bring a tort claim against the Defendants for false imprisonment.[15] As explained above, the Court dismissed all claims against the Sheriff. Likewise, the Court has

---

[13] *Id.*
[14] *Id.*
[15] Pl.'s Original Compl., ECF No. 1.

dismissed Plaintiffs' claims against the County. No federal claims are left pending, and it appears that only a state tort claim[16] remains against the Defendants. Because of this, the Court declines to exercise supplemental jurisdiction for these claims to remain in federal court.

A district court has broad discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When making this decision, courts should consider the "common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016)). The Fifth Circuit has stated that courts should generally decline to exercise supplemental jurisdiction over state-law claims when all federal claims have been dismissed. *See Manyweather*, 40 F.4th at 246.

Since the Court has dismissed all federal claims for which the Court had original jurisdiction, and because this case is not in its late stages, the Court declines to exercise supplemental jurisdiction over the remaining state tort claims against the Defendants. Thus, the Court **DISMISSES without prejudice** the false imprisonment claims against the Defendants for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss filed by Jeff Lyde due to qualified immunity. The Court also **GRANTS** Clay County's Motion to Dismiss on all claims due to municipal liability. Finally, the Court **DECLINES** to exercise supplemental

---

[16]Negligence and other tort actions are not independently cognizable claims under §1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). "[O]ne must allege 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the statute of a violation of the Constitution.'" *Rankin v. City of Wichita Falls*, 762 F.2d 444, 447 (5th Cir. 1985).

jurisdiction over Plaintiffs' tort claim of false imprisonment against the Defendants. Accordingly, all of Plaintiffs' §1983 and municipal liability claims against the Sheriff and the County are **DISMISSED with prejudice**. The Plaintiffs' false imprisonment claims against the Defendants are **DISMISSED without prejudice**.

    **SO ORDERED** this **12th day** of **March, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

jurisdiction over Plaintiffs' tort claim of false imprisonment against the Defendants. Accordingly, all of Plaintiffs' §1983 and municipal liability claims against the Sheriff and the County are **DISMISSED with prejudice**. The Plaintiffs' false imprisonment claims against the Defendants are **DISMISSED without prejudice**.

    **SO ORDERED** this **12th day** of **March, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**